IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:24cr74 |
| ) | |
| DAVON AMOS JOHNSON, ) | |
|     Defendant ) | |

### MR. JOHNSON'S MOTION FOR DOWNWARD DEPARTURE OR ALTERNATIVELY, A DOWNWARD VARIANCE

Davon Johnson, through counsel, moves the Court to downwardly depart or vary by one criminal history category. The United States Probation Office has calculated that Mr. Johnson is in criminal history category VI with a total of 14 criminal history points. Two of those points come from probation and good behavior sentences imposed for trespassing convictions that could not be imposed today. Two additional criminal history points come from additional points added under U.S.S.G. § 4A1.1(e) that substantially overrepresent the seriousness of that prior offense. Each of those issues individually, or in combination, warrant the Court treating Mr. Johnson as if he is in criminal history category V. In support of this motion, Mr. Johnson states the following:

**I.**     **Classifying Mr. Johnson in criminal history category VI substantially overstates the seriousness of Mr. Johnson's criminal history and warrants a downward departure, or alternatively, downward variance, by one criminal history category.**

In investigating Mr. Johnson's criminal history, the United States Probation Office found that Mr. Johnson has been convicted of criminal offenses in seven prior cases. In two of those cases, Mr. Johnson was convicted of trespassing in 2015. *See* ECF No. 44 at ¶¶25-26. Usually, those misdemeanor charges do not generate any criminal history points because the United States Sentencing Commission considers them too minor to warrant criminal history points. *See* United States Sentencing Guidelines ("U.S.S.G.") § 4A1.2(c) (excluding trespass offenses unless—as

1

relevant here—"the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days").  But, in this case, the sentencing guidelines assign one criminal history point to each of Mr. Johnson's trespassing convictions because of unsupervised probation and good behavior sentences that were imposed.  *See* ECF No. 44 ¶25 (reflecting completely suspended jail sentence and three years of unsupervised probation) *and* ECF No. 44 ¶26 (reflecting jail sentence with only 10 days to serve and three years of good behavior time).

When Mr. Johnson was sentenced on those 2015 trespassing convictions, Virginia law allowed judges to impose good behavior and probation sentences past the maximum amount of incarceration time that the court could impose.  But, in 2021, the Virginia General Assembly passed amendments to Va. Code § 19.2-303 (providing that the "court may fix the period of probation for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned") and Va. Code § 19.2-303.1 (providing that in "any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned").

Before these statutory amendments in 2021, Virginia was one of only seven states in the country that had no limits on probation and suspended sentences.  *See, e.g.*, PR Newswire, *REFORM Alliance Announces Continued Momentum With Legislative Win in Virginia* (Apr. 12, 2021), *available at* https://www.prnewswire.com/news-releases/reform-alliance-announces-continued-momentum-with-legislative-win-in-virginia-301266704.html ("Prior to passing HB 2038, Virginia was one of only seven states with no such restrictions, resulting in endless extensions to probation terms that kept people unjustly trapped in the criminal justice system."). Before these amendments passed, "[o]n any given day in Virginia, 11,239 people [we]re

incarcerated because of a probation violation, generating an annual cost to the state of $309 million. HB 2038 finally put[] a stop to never ending probation terms and br[ought] much-needed limits to the costly and damaging practice of using incarceration to address technical violations, all while increasing safety and stability in local communities." *Id.*

If Mr. Johnson were sentenced on these trespassing offenses today, he could not receive more than one year of probation or a suspended sentence, *see* Va. Code § 18.2-119, and would receive no criminal history points under U.S.S.G. § 4A1.2(c) for those sentences. Using these two criminal history points to calculate Mr. Johnson's criminal history score substantially overrepresents the seriousness of Mr. Johnson's criminal history. *See* U.S.S.G. § 4A1.3(b)(1).

Further, in 2016, Mr. Johnson received an eight-year prison sentence for multiple counts of conviction from the same underlying shooting and attempted robbery incident. *See* ECF No. 44 at ¶29. Because of the length of the sentence, Mr. Johnson received three initial criminal history points in the shooting case. *Id.* But, because Mr. Johnson was charged in the same charging document and was sentenced at the same time for the offenses from the shooting case, under U.S.S.G. § 4A1.2(a)(2), the sentences on the separate counts in that case are treated for guideline purposes as a single sentence. Under U.S.S.G. § 4A1.1(e), up to three additional points are added for crimes of violence that did not otherwise receive criminal history points because such sentences were "treated as a single sentence . . . ." And thus, it is under § 4A1.1(e), that the probation office added two additional criminal history points in this case for the sentences on other counts of conviction in the shooting case. *See* ECF No. 44 at ¶29.

The commentary for § 4A1.1(e) makes clear that what the Sentencing Commission intended to capture with § 4A1.1(e) were crimes of violence that happened on different dates. The commentary provides the following hypothetical: "For example, a defendant's criminal history

3

includes two robbery convictions for offenses committed on different occasions. The sentences for these offenses were imposed on the same day and are treated as a single prior sentence." U.S.S.G. § 4A1.1 cmt. n. 5. In this hypothetical, if the sentence for the second robbery resulted in no additional points under § 4A1.1(a), (b), or (c), then one point is added under § 4A1.1(e) for the second robbery.

The Sentencing Commission added the substance of § 4A1.1(e) in Amendment 709 (which at the time was placed in the now defunct § 4A1.1(f)), which became effective in November 2007. Prior to November 1, 2007, the portion of § 4A1.1 that governed additional points for crimes of violence made clear that "this item does not apply where the sentences are considered related because the offenses occurred on the same occasion." *See* U.S.S.G. Amend. 709 (2007), *available at* https://www.ussc.gov/guidelines/amendment/709. In the "Reason for Amendment" section, the Sentencing Commission clarified that the creation of the "single" and "separate" sentence rules in § 4A1.1 was designed to simplify what had previously been a more complex analysis under the previous "related cases" rules.

Under the "related cases" analysis, different courts had developed different rules over the years to determine whether a case was "related" or not to another case, and thus did not warrant additional criminal history points. Nothing at all in the "Reason for Amendment" section for Amendment 709 indicates that the Sentencing Commission intended to change the previous rule that prohibited applying additional criminal history points for crimes of violence that occurred on the same occasion. Rather, what is apparent is that while the Sentencing Commission drafted simpler rules to apply under the "single" and "separate" sentence rules, the new language poorly captured the Commission's intent to exclude cases like the multiple counts in Mr. Johnson's shooting case from generating additional criminal history points under § 4A1.1(e). But for the two

4

additional criminal history points added under § 4A1.1(e), Mr. Johnson would have twelve criminal history points and be in criminal history category V.

Thus, for the foregoing reasons, Mr. Johnson moves the Court to either depart downward under U.S.S.G. § 4A1.3(b)(1) because criminal history category VI substantially overrepresents the seriousness of Mr. Johnson's criminal history or vary downward to reflect a guideline range consistent with criminal history category V. In criminal history category V, Mr. Johnson has a guideline range of 46 to 57 months on Count One. As further explained in Mr. Johnson's Position on Sentencing, a total sentence of 46 months in prison is appropriate and not longer than necessary in this case.

## Conclusion

For the foregoing reasons and those set forth in his Position on Sentencing, Mr. Johnson requests that this Court impose a total sentence of 46 months in prison and a term of supervised release. As set forth above, a sentence of 46 months is appropriate and sufficient but not greater than necessary to address the factors that the Court must consider in 18 U.S.C. § 3553(a).

    Respectfully submitted,
    DAVON AMOS JOHNSON

By: _____/s/_____
Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Federal Public Defender Office
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
laura_koenig@fd.org